# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:24-CV-853-MOC-DCK

| | |
|---|---|
| **EVEREST NATIONAL INSURANCE COMPANY, et al.,** | )<br>)<br>) |
| Plaintiffs, | )<br>) **PROTECTIVE AND**<br>) **CONFIDENTIALITY ORDER** |
| v. | )<br>) |
| **A & ASSOCIATES, INC., et al.,** | )<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Protective And Confidentiality Order" (Document No. 51) filed February 7, 2025. Having carefully considered the motion and the record, the undersigned will grant the motion and adopt the Parties' proposed Protective And Confidentiality Order as follows.

Everest Indemnity Insurance Company, Everest National Insurance Company, A & A Associates, Inc., Christopher Worley, Shamel Jean, Vasyl Nesvit, and The Estate of Raymond Goodmand, by and through its, Administratrix, Lisa Hayes (singular "Party," collectively "the Parties") have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the following terms.

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits, and any other materials that may be subject to discovery, including documents in the custody and control of third parties sought pursuant to a subpoena, (hereinafter collectively "Documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential Documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the Documents. Inadvertent or unintentional production of Documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate Documents as confidential as otherwise allowed by this Order.

3. **Documents That May be Designated Confidential.** Any Party may designate Documents as confidential but only after review of the Documents by an attorney[1] who has, in good faith, determined that the Documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the Documents and subject to Federal Rule of Civil Procedure 11. Information or Documents that are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

   a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons

---

[1] The attorney who reviews the Documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the Western District of North Carolina and need not apply for *pro hac vice* admission.

identified below (¶ 5.c.) for any purposes whatsoever other than preparing for and conducting the litigation in which the Documents were disclosed (including any appeal of that litigation) subject to the exceptions listed in 5.b below.

b. **Permissible Use of Confidential Information.** Nothing in this Agreement shall prohibit Insurer from using such Confidential Information delivered or made available to it in the scope of this litigation, in any mediation, arbitration, or litigation about insurance coverage between any of the Parties and Insurer. In any such mediation, arbitration, or litigation, the Parties agree to use their best efforts to reach a suitable protective order or enter into appropriate confidentiality agreements to maintain the confidential nature of the Confidential Information. Insurer shall not disclose Confidential Information to anyone to whom disclosure is not permitted by this Agreement (and shall not include Confidential Information in pleadings or filings to a court, arbitrator, or mediator) until a suitable agreement has been signed by the Parties or, in the event of litigation, a suitable protective order has been entered pursuant to an agreement of the Parties or a ruling of the court presiding over the dispute.

c. **Limited Third Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below. Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated CONFIDENTIAL pursuant to this Order:

    (1)    counsel and employees of counsel for the Parties;

    (2)    Parties and employees of a Party to this Order;

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of Documents;

(4) consultants, investigators, third-party witnesses, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit; and

(5) accountants or auditors, regulatory authorities, consultants, Experts, third-party witnesses, reinsurers, retrocessionaires, and/or other representatives (collectively, "Representatives"); in each instance, only to such Representatives who reasonably need to know the Confidential Information; and

(6) other persons only upon consent of the producing Party or upon order of the court and on such conditions as are agreed to or ordered.

d. **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of Documents designated as Confidential pursuant to the terms of this order.

e. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of Documents designated as Confidential under this Order or any portion of such a Document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a Party seeks to file any material that is subject to protection under this Order with the court, that Party shall take appropriate action to ensure that the Documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Party who designated the document as confidential;

(2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the Documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to the court shall first consult with counsel for the Party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The Parties understand that Documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

    7.    **Greater Protection of Specific Documents.** No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an Order providing such special protection.

    8.    **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

    a.    The burden of proving the necessity of a Confidential designation remains with the Party asserting confidentiality.

    b.    A Party who contends that Documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Party who so designated the Documents shall have fifteen (15) days from service of the written notice to determine if

the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of Documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the Party who claims that the Documents are confidential withdraws such designation in writing;

(2) the Party who claims that the Documents are confidential fails to move timely for an Order designating the Documents as confidential as set forth in paragraph 8.b. above; or

(3) the court rules that the Documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of Documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation.** All provisions of this Order restricting the use of Documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as a document-specific ruling shall have been made.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED**.

Signed: February 7, 2025

_____
David C. Keesler
United States Magistrate Judge